IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00401-REB-KLM

VICTORIA L. STARKS,

    Plaintiff,

v.

CSL PLASMA CENTERS,

    Defendant.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*.  On June 27, 2011, the Court held a Scheduling Conference [Docker No. 19].  Plaintiff failed to appear or move for permission to be absent, and the Court noted on the record that a Recommendation to dismiss would be issued.  Prior to the Scheduling Conference, the Court warned Plaintiff three times that her failure to comply with Court Orders would result in dismissal of her case [Docket Nos. 9, 15 & 17].  Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute her case.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.  *See Hall*, 935 F.3d at 1110.

    For the reasons provided below, I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background. On February 17, 2011, Plaintiff filed the present employment discrimination lawsuit [Docket No. 1]. The last pleading received from Plaintiff was filed on March 23, 2011 and notified the Court that service of the matter had been effected on Defendant [Docket No. 8]. The Court set a Scheduling Conference for June 13, 2011 [Docket No. 9]. However, due to Plaintiff's failure to submit a proposed Scheduling Order as required by D.C.COLO.LCivR 16.1 and a confidential settlement statement as required by my Order, I vacated and reset the Scheduling Conference on June 9, 2011. *Order* [#17] at 1. In my Order resetting the Scheduling Conference, I warned Plaintiff that her failure to attend the reset conference or to comply with any outstanding Order would result in the Court recommending that her case be dismissed. *See id.* Plaintiff failed to attend the reset Scheduling Conference, failed to submit a proposed Scheduling Order and failed to submit a confidential settlement statement.

Prior to the Court resetting the Scheduling Conference, I issued an Order directing Plaintiff to respond to the pending Motion to Dismiss. *Order* [#15] at 1. The Court set a deadline of June 13, 2011 for Plaintiff to respond. *See id.* I warned Plaintiff that her failure to respond could result in dismissal of her case. *See id.* She failed to respond by the deadline and did not move for an extension of time. None of my Orders have been returned as undeliverable to Plaintiff and the Court assumes that she has received them.

## II. Findings

To date, the Court finds that Plaintiff has failed to meaningfully participate in her case. Specifically, Plaintiff has failed to comply with at least three Court Orders: (1) she

failed to comply with my Order setting the initial Scheduling Conference [Docket No. 9]; (2) she failed to comply with my Order directing her to respond to the Motion to Dismiss by June 13, 2011 [Docket No. 15]; and (3) she failed to comply with my Order setting the second Scheduling Conference [Docket No. 17].  Moreover, Plaintiff's failure to oppose Defendant's Motion to Dismiss, prepare case documents necessary to proceed and failure to contact the Court since March 2011 are collectively viewed as a failure to prosecute to her case.

### III.  Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1]  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.  Prejudice to Defendant

From a review of the case file, I find that Plaintiff's neglect of her case has prejudiced Defendant's ability to defend against the allegations raised in the Complaint. For example, Defendant filed both an Answer [Docket No. 12] as to certain claims and a Motion to Dismiss [Docket No. 13] as to other claims. Even if the Motion to Dismiss were granted, Defendant would need a schedule in place and an opportunity to take discovery to defend against Plaintiff's remaining claims. In addition, Plaintiff's abuses have caused Defendant to expend unnecessary resources and time to draft responsive pleadings and attend a meaningless Scheduling Conference. While the prejudice to Defendant to this point has been minimal, were this case to proceed following resolution of the Motion to Dismiss, Defendants would be required incur more expenses to defend against a case it appears that Plaintiff is no longer interested in prosecuting. This factor weighs in favor of dismissal.

### B.     Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute her case, and specifically her failure to comply with Court Orders, necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to follow Court Orders evidences a complete lack of respect for the Court and the judicial process.   In addition, Plaintiff's failure to contact the Court has caused me and my staff to expend unnecessary time and effort.  The Court's frequent review of the case file and issuance of this Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.   "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).  This factor weighs in favor of dismissal.

### C.     Culpability of Plaintiff

Plaintiff has, without any reasonable excuse, ignored Court Orders and failed to move her case forward.  The Court provided Plaintiff with ample opportunities to litigate her case, but since March 2011, she has chosen not to participate.  As a voluntary *pro se* litigant, it is solely Plaintiff's responsibility to ensure that she complies with case deadlines and Court Orders.  *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Considering the history of this case, I must conclude that Plaintiff's failures have been willful, and that she is therefore responsible for her own noncompliance.  This factor weighs

5

in favor of dismissal.

### D. Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on three occasions that she risked dismissal of her case if she failed to move the case forward or to comply with Court Orders [Docket Nos. 9, 15 & 17]. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, Plaintiff's receipt of advance notice of this result would not prevent it.

### E. Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse her neglect here. *See id.* In addition, given that Plaintiff has not been in contact with the Court for several months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such sanctions bear a substantial relation to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in prosecuting her claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

## IV. Conclusion

I respectfully **RECOMMEND** that Plaintiff's case against Defendant be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **RECOMMENDED** that the Motion to Dismiss [#13] be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

...

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  June 28, 2011

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix